Case number 23-5058, Legal Women Voters of the United States et al. versus Steven Frid in his capacity as the Executive Director of the United States Election Assistance Commission et al. EGLE Farm Education and Legal Defense Fund Appellants. Mr. Joseph for the appellant, Ms. Lopez for the appellees. Good morning, Council. Mr. Joseph, please proceed when you're ready. Thank you, Your Honor. Lawrence Joseph for the appellant, EGLE Farm Education and Legal Defense Fund. May it please the Court, there are, I think, three two-part questions and then a six-part test that are the key issues here. The three two-part questions are, are we substantively, are we dealing with the First Amendment or the common law right of access? On the attorney-client issue, there are two, I think, key issues, many, many issues, two key ones. One, is there a dual-hand relationship where DOJ was essentially working as or working with the agency to make law, to decide cases as opposed to counseling in a litigation capacity? Or, and that's one, and then two, whether, if indeed there was an attorney-client relationship, was there some sort of broad misconduct, anything that would vitiate that? The third two-part question is about the mandate from the, this Court's Newby 2 decision. That's where my client's intervention was granted, and I think the two mandate questions or related, mandate-related questions are, did the remand to the district court presume that, given that we would then be an intervener, which is not the public, that some form of party, maybe not the a full party, but certainly some form of party, were they entitled under the protective order as written to be, to have access to the sealed materials? That would have helped, obviously, the briefing. And then second on the mandate, this is more law of the case, we argued initially, when we moved to intervene, that the court could unseal without looking covered because of the alleged fraud in the 10th Circuit. And so the unsealing could be done as a sanction because the party didn't have clean hands. The sealing was, is equitable relief. If the, if the BSE came to that court with unclean hands about being a recidivist in the 10th Circuit, then they might not be entitled to seal. The district court on remand was bound by this, to work at the Hubbard factors, which we're getting to, but this court on further appeal, you're not, I don't think, bound. I mean, you, you can choose to bind yourself to the maybe two decision, the intervention saying, let's look at Hubbard, but you don't have to, you could decide that what was done here and in Colorado in the 10th Circuit was sufficiently disingenuous that we're going to go to the, go the sanction route. So then that brings- Just a very high standard. And then we look into the Hubbard factors. How do we get there on abuse of discretion? Because you're coming in as generally a non-party first, does not give you any more rights essentially than a party, but then also the court below suggest that, you know, this could be a fishing expedition. And then even more ruling. Okay. So first off, I mean, my client publishes about this issue. So we're like the Washington Post in a sense, and the public has a watchful eye interest under Hubbard itself. The more recent Los Angeles LA Times case talks about, I don't have the language in front of me, but again, there's, there's a public interest in agencies behave and that is shared by everyone. As to didn't use, that may be true. It didn't need to be true. The court could have remanded without vacating, the court could have retained jurisdiction. So some of this issue, so let's back up. Newby one, the, the preliminary injunction appeal in this court was a preliminary injunction case. So under, I'm not sure I can pronounce this, but Kaminish, University of Texas versus Kaminish, what's decided in a preliminary injunction case doesn't necessarily decide the merits. So the fact that, Hey, no, no necessity finding, which is something that the EAC needed to have in order to approve the documents in question in the underlying litigation, if they didn't have that, then there would be a preliminary injunction, I guess. But that didn't mean that the case, that didn't resolve the case. They could have remanded the agency, had to see if they could make a necessity finding and then come back, or they could have just dismissed as they did. So it could have been used and it was offered with the intent that it be used. So under factor six, it's, it's, it's why was it offered under factor one? There's this in public interest separate and apart from the underlying case. So in the LA Times case, it was, is a Senator misusing information? I forget if it was a he or she, that he or she got from their privileged position in the Senate. That wasn't what the case was about, but it was related. And there's a public interest in that. And then of course, in the fourth factor, which is perhaps the biggest one in the series for this case, at least, that is, you know, I mean, there's the issue of, was there an attorney-client relationship because of the lawmaking adjudicating function that DOJ was essentially ghostwriting, according to my understanding? I mean, I don't have access to the document, so I don't know, but that was one of the questions in the four-part question about the Should I go on with mine or? Okay. So this is, we think, Hazel Atlas on steroids. Hazel Atlas is the paradigm brought in the court case. There, a patent holder planted an article in the trade press and then cited it to defend their patent. Here, it's, it's markedly worse. The, first of all, and it's not these counsels, so I don't even want to refer to them. This was someone else at DOJ. It was not the federal programs branch. But they have a burger duty to, you know, to win fairly or to litigate fairly more than to win under the United States versus burger. That's been applied to agency defense by this court in Freeport, McMorrin Oil. Anyway, there's, and so in addition to the, hey, palace of justice, you shouldn't, lawyers shouldn't lie, any lawyers. There's, there's also a separation powers issue there because they're, they're pleading deference to the agency, the independent agency, when in fact it was written by political, politicized DOJ. There's also federalism, which is, this is trenching state power by the federal government with regards to their, their in that regard. As far as the so-called concessions, again, both, I mean, DOJ tried to say that my client conceded something by saying that this didn't come up in, in newbie one. That is a preliminary injunction case. As I said, it's not binding on the merits such as the remedy. And I guess you can get to the merits there. Again, it was in, it was in the preliminary injunction hearing. And even, even there, he says there are some ridiculous assertions of privilege, such as things that are already in the record or already released. So, so some things have been withheld in these sealed documents that shouldn't have been withheld. And then there's also the, the questions, and this is important for the next stage. If we lose here, we would petition for cert if we don't get an we might realize that we don't care what's in this document. We're, we're, is it a fishing expedition? I guess we don't know what we're going to get. So in that sense it is, but, but in the other sense, it is, we, we feel that the agent, that there's a non-transparency and we ask this court to help make that process transparent. Thank you. I'll give you some time for rebuttal. Ms. Lopez. Sorry, it'll just take me a second. May it please the court, Carolyn Lopez on behalf of the government. Consistent with this court's instructions to apply the Hubbard factors on remand, the district court correctly denied EGLE form's request for disclosure of the sealed materials. Because the sealed materials, as the district court emphasized, did not affect the resolution of the case in the merits because the district court did not rely on them. In, as in the district court's view at the past of the parties which holds the district court didn't need to rely on them. Which this court has recognized most recently in CNN can be the most important and in fact an almost dispositive factor in, in the decision to maintain the seal under the Hubbard factors. And in addition, the government had of course lodged substantial claims of privilege. While on the other side of the ledger, EGLE form failed to overcome those interests in maintaining the seal based solely on, as the district court described it, its speculative claims that DOJ had somehow engaged in misconduct by offering advice to its client agency on a remand that the agent, on a determination the litigation. And that's just, that's not government misconduct to provide advice to a client agency in, in the course of ongoing litigation. And that's, you know, the attorney, you know, the heartland of the attorney client privilege, of attorney work product, and also just the general deliberative assets privilege. The client, that agencies can consult with other government actors in making its determinations. And here the record evidence by the decision maker, decision maker herself confirmed that she made that decision after consulting all relevant resources. Can I just ask you on the, the other side mentioned the first amendment at the outset of the argument, I take it from your submission, the year, the sense that the first amendment would add something to the Hubbard analysis so that it would ration up the standard or do something different. You think that was forfeited? Yes, your honor. That was absolutely forfeited. So this court, of course, their appeal remanded for an analysis under the Hubbard factors. And at no point before the district court did, uh, did Eagle form suggest that applying the first amendment instead of the Hubbard factors would alter the analysis. So that, that question is certainly forfeited as we argued in the brief, even though the first amendment was mentioned, it just wasn't, it wasn't developed in a way that would suggest that it was something that would differentiate the analysis from what would normally ensue under Hubbard. That, that's exactly right. So there were no arguments that, that sort of, there would be a different, uh, that the first amendment will require a different sort of analysis than this court has traditionally applied under the Hubbard factors. And then, you know, particularly in the civil court context in which this court has, has sort of repeatedly said that it doesn't need to, uh, address whether or not the first amendment, uh, uh, would play out any differently. And so that, that issue was certainly forfeited here. Okay. Let me show my colleagues that have questions for you. Thank you. Joseph, I'll give you two minutes for your rebuttal. So it did not affect the merits, but it could have, it was under factor six, it was offered, uh, so that it could affect the merits under CNN, um, can be, does not mean is it can be, but in this case it isn't, um, uh, the, um, substantial claims of privilege and speculative fraud. I mean, they said, trust my client, you know, the expert nonpartisan entity, and at least under the newbie declaration, which is all we have, uh, DOJ wrote it. DOJ does not have the right to say whatever they think. I mean, they haven't been given a leg up in litigation. They have a client that has a leg up in litigation, but if they take over that, that task, they have to disclose that they wrote it just to, I mean, again, as in Hazel Atlas, only more so. Um, as far as the four for the first amendment, uh, the remand was, we've argued the belief throughout the case that the remand was, um, for Hubbard. That's what was sent back. But that doesn't mean that doesn't bind this court. This court has the right to, um, uh, you know, decide, you know what, actually we're going to do a sanction. You know what, actually we're going to do first amendment. And whenever one of these cases comes up and the, uh, the person seeking, uh, disclosure loses, then I suppose you don't have to look at the first amendment. Oh, I'm sorry. I got that wrong. When they win, you don't have to look at the first amendment. If they're going to lose and the first amendment is different, such as narrow, narrow tailoring, then it is a second step in the analysis and one that they can't possibly win. This wasn't narrowly tailored. It didn't even require them to show privilege. So as far as the misleading, the tense circuit was very clear. Um, but have you ever said the first You can answer the question. Oh, I'm sorry. I thought I did. Well, I mean, you said we have, but you want to just further elaborate on that because it didn't seem very clear to me. I don't have a page number, but I could submit it in a letter. Yes, I'll take that. Thank you. Thank you. Thank you. Council. Thank you to both council. We'll take this case under submission.
judges: Srinivasan, Childs, Randolph